**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

        v.

TOMMY DON COCKERHAM, also
known as Tommy Cockerham, also
known as Tommy Don,

        Defendant - Appellant.

No. 96-7050
(D. Ct. No. CR-95-49-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Defendant Cockerham appeals from an order of the district court sentencing

him following defendant's plea of guilty to Counts I, III, and IV of a multi-count

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

indictment charging defendant with violation of 21 U.S.C. §§ 841, 846, and 924(c). Defendant appeals his sentence alleging that the trial court erred when the money which was found during a search of the defendant's residence and surrounding premises was converted into an approximate drug quantity and resulted in an increase in defendant's sentencing range under the United States Sentencing Guidelines. Defendant's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and moved to withdraw as defendant's counsel. We affirm.

Defendant appeals on the ground that the district court erred in converting $85,355 which was found in cash in or near defendant's premises to an estimated drug quantity that would be attributable to drug sales of the methamphetamine and other controlled substances with which defendant was charged in the indictment. We review for clear error. U.S. v. Ortiz, 993 F.3d 204, 207 (10th Cir. 1993). The record in this case makes clear that the district court reviewed carefully the presentence report and all of the evidence in this case and determined by a preponderance of evidence that the $85,355 recovered by law enforcement authorities incident to defendant's arrest was derived from the illicit sale of controlled substances and was a part of the same course of conduct as the conduct charged in the counts of conviction. On the record, the district court overruled the objections of the defendant to the portions of the presentence report

related to the types and quantities of drugs and to the amount of cash attributed to drug sales. The district court is clearly authorized to approximate the quantity of controlled substances that correlates with the cash found in or near defendant's premises. US v. Rios, 22 F.3d 1024 (10th Cir. 1994). The cash in this case was seized in a trailer adjacent to defendant's home. Defendant failed to provide to the court any evidence of a legitimate and lawful source of income that would have accounted for this cash. We have reviewed the record and all filings in this appeal and determined that there is ample evidence supporting the district court's conversion of the cash to the amounts of the drugs involved in defendant's counts of conviction. We cannot say that the district court committed clear error in converting the cash to the approximate drug amounts with which it correlated.

We GRANT the motion of counsel to withdraw. Pro se defendant has filed a motion which we construe as a motion for an extension of time to file a response and to borrow the record. The motion is denied without prejudice to appropriate motions in any related collateral review actions. The order of the District Court is affirmed.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge