**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 18 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TOMMY DON COCKERHAM,

      Defendant-Appellant.

No. 98-7189

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 98-CV-158-B & 95-CR-49-B)

---

Howard A. Pincus, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Tommy Don Cockerham filed a *pro se* brief.

Jeffrey A. Gallant, Assistant United States Attorney (Bruce Green, United States Attorney, with him on the brief), Muskogee, Oklahoma, for Plaintiff-Appellee.

---

Before **EBEL**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

**I.**

On October 18, 1995, Defendant Tommy Don Cockerham pleaded guilty in the United States District Court for the Eastern District of Oklahoma to one count of conspiring to distribute narcotics in violation of 21 U.S.C. § 846, one count of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). See R., Vol. I, Doc. 4 at 1-2. As part of his plea agreement, Defendant waived his right to appeal the sentence and waived "any appeal rights conferred by 18 USC § 3742, any post-conviction proceedings, and any habeas corpus proceedings." Id., Doc. 4, Plea Agreement at 9. The district court subsequently sentenced Defendant to 135 months on each of the first two counts to run concurrently and a consecutive sentence of sixty months on the firearm conviction, along with concurrent four-year terms of supervised release for each count.

After this court affirmed his convictions on direct appeal, see United States v. Cockerham, 108 F.3d 1388, 1997 WL 139745 (10th Cir. 1997) (Table), Defendant filed a motion pursuant to 28 U.S.C. § 2255 on April 1, 1998. In his habeas petition, Defendant claimed that his Sixth Amendment rights were violated by ineffective assistance of counsel because there was insufficient evidence for his § 924(c) conviction pursuant to United States v. Bailey, 516 U.S. 137 (1995), and there was no proof at sentencing of a controlled substance or proof that the

substance was D-methamphetamine for the drug trafficking conviction in light of United States v. Glover, 97 F.3d 1345 (10th Cir. 1996).  In essence, Defendant contended that, though he did not raise the first two claims in his direct appeal, he is not procedurally barred from raising them in his habeas corpus motion because his claim of ineffective assistance of counsel establishes cause and prejudice.  See R., Vol. 1, Doc. 1, Memo at 12.  Defendant asserts that, by failing to research the applicable law concerning § 924(c) and sentencing for methamphetamine, counsel was ineffective under the test set out in Strickland v. Washington, 466 U.S. 668 (1984).  In response, the government filed a motion to dismiss the § 2255 motion because "Defendant knowingly and voluntarily waived his appellate rights[, including the right to post-conviction relief,] as part of a lawful plea agreement." R., Vol. 1, Doc. 4 at 4.

In a summary order, the district court denied Defendant's § 2255 motion. See id. at Doc. 7.  The court found that Defendant had waived his right to appellate relief, including the right to postconviction relief, and that the waiver was enforceable because it was voluntarily and knowingly made.  See id.  This appeal followed, and we issued a certificate of appealability on the issue of whether, in a plea agreement, a defendant can waive the right to collaterally attack a sentence under 28 U.S.C. § 2255 when his § 2255 motion alleges

ineffective assistance of counsel.[1]

On appeal, Defendant argues that his claim of ineffective representation at sentencing survives the general waiver because (1) the agreement implicitly assumed that counsel would act within constitutional bounds and (2) such an extensive waiver would be inconsistent with the special protections that apply to waivers of the right to counsel. He also contends that the waiver does not apply to his ineffectiveness claim relating to the legitimacy of his § 924(c) conviction because the waiver was directed only at sentencing issues. In his pro se brief, Defendant argues that the waiver of postconviction proceedings was not knowingly made because he was not specifically informed by the district court about the postconviction relief waiver and because he could not "waive an as yet unknown constitutional violation." Appellant's Br. at 15.

In reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo and its findings of fact for clear error. See United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). Whether a defendant can waive his right to collateral review under § 2255 is a question of law that we review de novo. See Jones v. United States, 167 F.3d 1142, 1144 (7th Cir. 1999).

---

[1]We issued a certificate of appealability based on representations made in Defendant's pro se brief. We also appointed counsel to represent Defendant and ordered both parties to brief the waiver issue.

**II.**

Because this court has not explicitly held that a waiver of § 2255 rights in a plea agreement is generally enforceable, we must decide that threshold issue. For the reasons that follow, we hold that such a waiver is generally enforceable. First, it is well established that a defendant's waiver of the statutory right to direct appeal contained in a plea agreement is enforceable if the defendant has agreed to its terms knowingly and voluntarily. See United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1988); accord United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000) (confirming rule that "courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made" (citation omitted)). Such agreements waiving the right to appeal are subject to certain exceptions, including where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. See United States v. Black, 201 F.3d 1296, 1301 (10th Cir. 2000); United States v. Libretti, 38 F.3d 523, 529 (10th Cir. 1994); see also United States v. Hernandez, 134 F.3d 1435, 1437-38 (10th Cir. 1998) (holding that defendant "clearly waived his right to appeal the sentence imposed" because there was no suggestion that either plea agreement or waiver of statutory right to appeal was

unknowing or involuntary); accord United States v. Bushert, 997 F.2d 1343, 1353 (11th Cir. 1993) (holding that defendant's waiver of the right to appeal was not knowing and voluntary because court's Rule 11 colloquy was deficient for failing to clearly inform defendant that he was waiving his appeal rights); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (stating that a defendant does not waive his right to appellate review of a sentence based on race). In addition, "a waiver may not be used to preclude appellate review of a sentence that exceeds the statutory maximum[] or to deny review of a claim that the agreement was entered into with ineffective assistance of counsel." Black, 201 F.3d at 1301 (citation omitted); accord United States v. Joiner, 183 F.3d 635, 645 (7th Cir. 1999) (rejecting ineffective assistance claim on sentencing because appeal rights were "knowingly and intelligently waived"); United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995) ("[D]ismissal of an appeal based on a waiver in the plea agreement is inappropriate where the defendant's motion to withdraw the plea incorporates a claim that the plea agreement generally, and the defendant's waiver of appeal specifically, were tainted by ineffective assistance of counsel."); United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994) (determining that plea agreement waiver cannot bar direct appeal based on ineffective assistance claim concerning plea proceedings). By analogy, the right to bring a collateral attack under § 2255 is a statutory right and, like the right to direct appeal, appears to be

waivable unless it falls within these same exceptions. Defendant has not provided any argument to persuade us otherwise.

Second, it is well established that a guilty plea is an "admission that [the accused] committed the crime charged against him." North Carolina v. Alford, 400 U.S. 25, 32 (1970). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989). Indeed, in Broce, the Supreme Court held that the defendants had waived their right to challenge their convictions based on double jeopardy because of the well-settled principle that "'a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" Id. at 574 (quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984)). The Supreme Court's language here strongly reinforces the enforceability of express waivers of collateral attack rights contained in plea agreements.

Third, to date, at least four circuit courts have enforced waivers of collateral attack rights brought pursuant to § 2255 where the plea was knowingly and voluntarily entered. See Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (determining that defendant waived right to seek relief under § 2255); United States v. Watson, 165 F.3d 486, 488-89 (6th Cir. 1999) (upholding explicit

waiver of the right to collaterally attack a sentence under § 2255 because it was an informed and voluntary waiver); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) (stating that plea agreement may "waive the right to bring a § 2255 motion [if] it does so expressly"); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (upholding an express waiver of postconviction proceedings, including § 2255, because court could "see no principled means of distinguishing such a waiver from the [enforceable] waiver of a right to appeal"); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that defendant may waive statutory right to file § 2255 petition challenging length of his sentence); see also United States v. Bencomo, 129 F.3d 131, 1997 WL 678371, at **1 (10th Cir. 1997) (Table) (citing Wilkes in dicta for proposition that defendant's double jeopardy claim is barred by "provision in the plea agreement waiving any right to contest his sentence in any postconviction proceeding under § 2255"); Luna v. United States, Nos. 98 Civ. 7970, 96 CR. 505, 1999 WL 767420, at *3 (S.D.N.Y. Sept. 28. 1999) (interpreting Second Circuit law to hold that a waiver of § 2255 rights in a plea agreement is enforceable); cf. Latorre v. United States, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999) (observing that Eighth Circuit had "not yet addressed the question of a defendant's power to waive *collateral-attack* rights in a plea agreement" and indicating that court's prior "decisions upholding waivers of *direct-appeal* rights have explicitly noted the availability of § 2255 collateral

attack").

In light of these considerations, we conclude that a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made. Of course, the same exceptions to the waiver of the right to appeal, if they arise, would be available to the waiver of the right to collateral attack. In other words, the constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights.

**III.**

Concluding that plea-agreement waivers of § 2255 rights are generally enforceable does not end our analysis. We must decide a question of first impression, namely, whether a plea agreement that waives the right to file postconviction relief under § 2255 is enforceable when the § 2255 petition claims ineffective assistance of counsel.

It is significant that some of the circuit courts which have enforced § 2255 waivers have, at the same time, suggested that such a waiver may not apply to a collateral attack based on an ineffective assistance of counsel claim. See, e.g., Wilkes, 20 F.3d at 653 (observing that "[s]uch a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel"); Pruitt, 32 F.3d at

433 (expressing "doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"); Abarca, 985 F.2d at 1014 (refusing to hold that a waiver "categorically forecloses" a § 2255 petition claiming "ineffective assistance of counsel or involuntariness of waiver"); cf. United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (recognizing in context of direct appeal that a claim of "ineffective assistance of counsel in entering the plea agreement . . . might cast doubt on the validity of [the] waiver").

This court has expressly declined to answer whether a § 2255 waiver would be effective in the face of ineffective assistance of counsel claims. See United States v. Vasquez, 194 F.3d 1321, 1999 WL 795266, at **1 (10th Cir. 1999) (Table) (noting that "the issue [of] whether a waiver of a right to make a § 2255 collateral attack based on ineffective assistance of counsel can be enforced" has not been decided in this court but not reaching the issue because addressing the merits of the ineffective assistance claims); accord Watson, 165 F.3d at 488-89 & n.4 (noting that court was not addressing the question of whether a plea agreement waiver bars collateral attack based on ineffective assistance of counsel).

Though it appears that the circuit courts have often skirted the issue facing

us today, the Seventh Circuit has explicitly addressed the effectiveness of a waiver of collateral rights in the face of a § 2255 claim alleging ineffective assistance of counsel or involuntariness of the plea. The Seventh Circuit first spoke on this question in its decision in Jones v. United States, 167 F.3d at 1144-45. There, the court addressed "whether a cooperation agreement that waives the right to file a petition under § 2255 bars a defendant from arguing that he received ineffective assistance of counsel when negotiating the agreement or that the agreement was involuntary." Id. at 1144. The court stated that a § 2255 waiver in such an agreement is not effective or enforceable when a defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement or the voluntariness of the plea. Reasoning that "[j]ustice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself–the very product of the alleged ineffectiveness," the court reinforced that "the right to mount a collateral attack pursuant to § 2255 survives [a waiver] only with respect to those discrete claims which relate directly to the negotiation of the waiver." Id. at 1145. Because the court determined that the defendant "failed to adequately specify his claim of ineffective assistance of counsel," id. at 1146, it declined to remand and affirmed the district court's denial of the defendant's § 2255 motion.

We are persuaded by the Seventh Circuit's determination that "a claim of

-11-

ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself." Id. at 1145. It is altogether inconceivable to hold such a waiver enforceable when it would deprive a defendant of the "opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation." Id. That said, we turn to the question of whether *all* ineffective assistance of counsel claims not relating to the validity of the plea, i.e, the negotiation or entering of the plea and waiver, are completely foreclosed by such a waiver.

It is clear that the Seventh Circuit's analysis to determine whether ineffective assistance claims brought pursuant to § 2255 are enforceable turns on "whether the ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself." Vasquez, 1999 WL 795266, **1; see Jones 167 F.3d at 1145. As a result, under Seventh Circuit precedent, claims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver. See Mason, 211 F.3d at 1067; Jones, 167 F.3d at 1145.

In Mason, 211 F.3d at 1066, for example, the defendant pleaded guilty to participating in a drug conspiracy and waived his right to appeal or to collaterally attack his sentence under § 2255. He then filed a § 2255 motion arguing that he had received ineffective assistance of counsel and was denied due process. Specifically, he claimed that he would have received a lower sentence had his

-12-

counsel objected to the court's misapplication of the guidelines and to the amount of drugs attributed to him. See id. at 1067. The district court denied the petition, explaining that "although [the defendant] couched his argument in terms of ineffective assistance and denial of due process, his petition was, in reality, merely an attack on his sentence and the manner in which it was determined." Id. at 1068. On appeal, the defendant asserted that he was not challenging his sentence but was challenging his counsel's deficient performance. He further contended that because effective assistance of counsel is a fundamental right, "no defendant may ever waive the right to seek post-conviction relief on the grounds of ineffective assistance of counsel." Id.

Applying Jones, the Seventh Circuit determined that the pivotal question was whether the defendant's claim related to the negotiation of the waiver. "In other words," the court asked, "can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" Id. at 1069. The court answered these questions in the negative, upholding the waiver of relief under § 2255 because the ineffective assistance of counsel claim related only to the performance of defendant's attorney with respect to sentencing and did not go to the validity of the plea agreement itself. See id.; cf. Joiner, 183 F.3d at 645 (rejecting defendant's ineffective assistance argument that attempted to overcome

-13-

waiver barrier on direct appeal because the "garden-variety attacks on his sentence . . . raise[d] in the guise of a claim of ineffective assistance of counsel[] [were] exactly the sort of claims he knowingly and intelligently waived").

To assess the validity of a § 2255 waiver, other courts too have distinguished between a claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing. See, e.g, Pruitt, 32 F.3d at 433 (determining that because defendant's ineffectiveness claim under § 2255 did not relate to the plea or plea agreement but related only to the alleged mishandling of sentencing the court did not need to decide whether a defendant could in fact waive a claim of ineffective assistance); Balbuena v. United States, 104 F. Supp.2d 218, 220 (S.D.N.Y. 2000) (holding that ineffective assistance claim was not barred by waiver in plea agreement because claim that plea was unknowing and involuntary due to her attorney's erroneous advice about stipulating to judicial deportation and its potential benefits to her sentence related to negotiation of plea agreement); see also Thompson v. United States, No. 99 C 1778, 2000 WL 821711, at *2-*3 (N.D. Ill. June 23, 2000) (addressing merits of portion of defendant's ineffective assistance of counsel claim brought in § 2255 motion that challenged whether waiver was fully informed, but enforcing waiver for part of ineffectiveness claim relating to counsel's performance at sentencing); United States v. Flunker, No. CRIM. A. 98-75, 2000 WL 823469, at *5, *7 (E.D.

-14-

La. June 23, 2000) (holding that defendant's waiver of right to collaterally attack his sentence bars claims of ineffectiveness with respect to attorney's performance at sentencing but would not bar ineffectiveness claims with respect to plea agreement itself); United States v. Carrasco, No. 99 C 559, 1999 WL 286083, at *2-*3 (N. D. Ill. Apr. 29, 1999) (holding that waiver of § 2255 rights was valid as to three of defendant's claims which concerned counsel's and court's errors on downward departures at sentencing, but waiver was unenforceable as to fourth claim which asserted that plea was unknowing because counsel did not pursue appropriate departures that should have been included in plea agreement–a claim that could be construed as arguing that defendant did not knowingly waive his § 2255 rights); cf. Nunez, 223 F.3d at 959 (holding that waiver of right to appeal sentence on direct appeal encompasses claim that counsel was ineffective on sentencing issues, but declining to "decide whether a defense counsel's incompetence may be so egregious as to render a defendant's waiver involuntary, thereby permitting an ineffective assistance of counsel claim on direct appeal"); Djelevic, 161 F.3d at 107 (enforcing defendant's waiver of direct appeal rights because defendant neither contended that the waiver was unknowing or involuntary nor suggested that he received ineffective assistance of counsel in entering the plea but was "in reality . . . challenging the correctness of his sentence" "despite his effort to dress up his claim as a violation of the Sixth

Amendment").

Defendant, on the other hand, argues that ineffective assistance claims may never be waived in a plea agreement without an explicit, knowing, and voluntary waiver of such a claim or of the right to effective assistance of counsel.[2] To support his argument that the general waiver in the plea agreement does not preclude *any* ineffective assistance of counsel claims, Defendant relies on the Fourth Circuit's decision in United States v. Attar, 38 F.3d 727. The defendants in Attar sought to challenge their sentences on direct appeal on the grounds that they were denied their Sixth Amendment right to effective assistance of counsel when the court permitted counsel to withdraw at the beginning of the sentencing hearing and essentially forced defendants to represent themselves in "the proceedings following entry of the guilty plea–including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas." Id. at 732. The Fourth Circuit held that the general waiver of appellate rights contained

---

[2]At least two federal district courts have determined that defendants may raise any ineffective assistance of counsel claims despite the presence of a waiver. See United States v. Teshima-Jiminez, No. CRIM. 97-087, 1999 WL 600326, at *3 (E.D. La. Aug 05, 1999) (reviewing merits of defendant's ineffective assistance of counsel claims for counsel's failure to object to presentence report and failure to obtain downward departure despite waiver because ineffective assistance claim "is clearly constitutional in nature"); United States v. Kiefer, No. CRIM. A. 96-279, C.A. 98-536, 1998 WL 388592, at *2 (E.D. La. July 9, 1998) (addressing merits of ineffective assistance of counsel claim for counsel's failure to object to presentence report despite waiver of § 2255 rights).

in the plea agreement could not fairly be construed as a waiver of the right to challenge their sentences on ineffectiveness, see id. at 733, stating, "[A] defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations." Id. at 732. By this declaration, Defendant asserts, all claims of ineffective assistance of counsel survive waivers because such claims are based on the constitution, namely, the Sixth Amendment right to effective assistance of counsel.

Defendant's reliance on Attar is misplaced. We disagree with Defendant's broad characterization of Attar. We read Attar more narrowly, that is, the Attar defendants' waivers surely fit into the category of a claim of unknowing or unintelligent plea agreements. Because the Attar defendants had *no* representation when they attempted to withdraw their pleas, their argument can reasonably be construed as an attack on the validity of the plea agreements as unknowing or unintelligent. At least one Fourth Circuit case has interpreted Attar similarly, stating that a "valid appeal waiver does not bar review of [a Sixth] Amendment challenge to plea proceedings." United States v. Broughton-Jones, 71 F.3d 1143, 1147 (4th Cir. 1995). Additionally, the plea waiver provision in Attar specifically reserved the "right to appeal based upon grounds of ineffective assistance of counsel . . . not known to the Defendants at the time of the[ir] . . .

-17-

guilty plea." Id. at 729. This provision clearly distinguishes Attar from this case, even though the Fourth Circuit did not explicitly rely on it in its decision.[3]

The courts that have differentiated between ineffectiveness claims attacking the validity of the plea or waiver and claims challenging counsel's performance with respect to sentencing have not adequately explained why they make this distinction. See, e.g., Jones, 167 F.3d at 1145 (stating merely that the right to "collateral attack pursuant to § 2255 survives [a waiver] only with respect to those discrete claims which relate directly to the negotiation of the waiver [or the plea agreement]"). Nevertheless, we believe that the rationale for distinguishing between the types of ineffective assistance claims that may survive a waiver is buttressed by the Supreme Court's analysis in Broce, 488 U.S. 563. There the Court stated, "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether *the underlying plea was both counseled and voluntary*." Id. at 569 (emphasis added). Although the Court recognized that, in the double jeopardy context at least, there were "exceptions where on the face of the record

---

[3]Our review of Fourth Circuit case law concerning waivers of § 2255 rights reveals that the plea agreements within that circuit frequently contain waivers that explicitly reserve the right to raise ineffective assistance of counsel claims. See, e.g., United States v. Brown, 181 F.3d 92, 1999 WL 357175, at **1 (4th Cir. 1999) (Table); United States v. Garrison, 81 F.3d 152, 1996 WL 156670, at **1 (4th Cir. 1996) (Table). This wise practice may assist parties in avoiding the very thorny issue with which we are dealing today.

the court had no power to enter the conviction or impose the sentence," id., the force of its analysis was that a guilty plea and the ensuing conviction foreclose collateral attack except where the "failure of counsel to provide advice may form the basis of a claim of ineffective assistance of counsel." Id. at 574. The Court determined that the defendants were not entitled to collateral relief because they had "not called into question the voluntary and intelligent character of their pleas." Id.

In light of these statements by the Supreme Court in Broce, there appear to be two critical components to determining whether the right to collateral relief survives a waiver. The first is whether there is any basis for a claim of ineffective assistance of counsel, and the second is whether that ineffectiveness claim pertains to the validity of the plea. As a result, subject to the same exceptions that apply to waivers of the right to direct appeal, it is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver. As noted above, "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." Broce, 488 U.S. at 569. Based on this reasoning, we hold that a plea agreement waiver of postconviction rights does not waive the right to bring a

§ 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable.[4]

## IV.

We now examine Defendant's claims of ineffectiveness to determine into what category they may fall: Do they attack the validity of the plea or the waiver or do they challenge counsel's performance at sentencing?

## A. Drug Convictions

Defendant argues that his counsel was ineffective at sentencing by failing to require the government to present proof of the illegal substance and to prove that the substance was D-methamphetamine rather than L-methamphetamine in light of our decision in Glover, 97 F.3d 1345, which placed that burden on the government even in cases of guilty pleas.[5]

---

[4]Our holding limiting the scope of ineffective assistance claims that may be brought under § 2255 despite a waiver of collateral rights is, of course, restricted to waivers expressly made in plea agreements.

[5]Effective November 1, 1995, the Guidelines were amended to remove the distinction between D- and L-methamphetamine. See United States Sentencing Guidelines Manual App. C, Amendment 518 at 343-44.

In Glover, two defendants filed § 2255 motions essentially claiming error because they were sentenced for D-methamphetamine without any proof or findings regarding the nature of the methamphetamine actually involved. They argued counsel was ineffective for failing to object at sentencing to the unsubstantiated character of the methamphetamine as D-methamphetamine. The court held that because the government bore the burden of proving the specific substance at sentencing, see id. at 1347, counsel's failure to raise this error was prejudicial under Strickland with respect to at least one of the defendants. The court therefore remanded for a determination of the type of methamphetamine and possible resentencing, but the defendant's conviction was never in question.

Our decision in Glover does not apply to this case primarily because Glover did not involve a plea agreement waiver of § 2255 rights. In addition, the nature of the arguments made by the defendants in Glover and made by Defendant in this case shows that Defendant's claim of ineffective representation does not fall into the protected category that survives a waiver. Like the defendants' argument in Glover, Defendant's argument here challenges only the sentencing; he does not attack the validity of the plea or the waiver just as the defendants in Glover were not attacking the validity of their pleas.

The characterization of a challenge to the validity of a plea is certainly subject to different interpretations and may be quite broad. Some courts have

-21-

determined that a defendant challenges the validity of the plea or the waiver by raising a claim that counsel misinformed her with respect to an aspect of sentencing. See e.g., Balbuena, 104 F. Supp. 2d at 218-20 (construing defendant's ineffectiveness claim that counsel erroneously advised her to refrain from stipulating to deportation as a challenge to the validity of her plea); Carrasco, 1999 WL 286083, at *3 (construing argument that counsel failed to advise defendant of departures during plea negotiation as argument that defendant did not knowingly waive § 2255 rights due to ineffective assistance of counsel). Accordingly, the question of the nature of ineffective assistance claims must be addressed on a case-by-case basis to determine whether they attack the validity of the plea or the waiver.

In this case, we conclude that Defendant's claims may not reasonably be characterized as an attack on the validity of the plea. Defendant was informed at the plea hearing about the likely parameters of his sentence. The government indicated that his maximum sentence on each drug charge would be between ten years and life imprisonment. See R., Supp. Vol. I at 7, 9, 11. Defendant acknowledged that he fully understood the punishment that could be imposed. See id. at 9. He does not allege that, had counsel required the sufficient proof at sentencing, his plea would have been different. Nothing in the record indicates that his plea was involuntarily or unknowingly entered because of this sentencing

issue. Cf. Libretti, 38 F.3d at 529 (determining that defendant's plea was voluntary in part because nothing in record showed he would have made a different plea if he had been questioned about forfeitability of assets). Because Defendant's § 2255 ineffective assistance claim regarding sentencing for his drug convictions does not relate to the validity of the plea or the waiver, we hold that he has waived the right to bring that challenge so long as he knowingly and voluntarily entered the plea and made the waiver.

**B. The Plea and the Waiver**

The plea agreement provides that Defendant knowingly and "expressly waives the right to appeal [his] sentence on any ground, except to challenge an upward departure from the applicable guideline range as determined by the Court." R., Vol. 1, Doc. 4, Plea Agreement at 9. It also states that "Defendant specifically waives any appeal rights conferred by 18 USC § 3742, any post-conviction proceedings, and any habeas corpus proceedings," id., and that Defendant "agrees not to contest such sentence in any post conviction proceeding." Id. at 10. Finally, the agreement provides that Defendant "fully understand[s] [the plea agreement] and . . . voluntarily agree[s] to it without reservation." Id. at 12.

In determining whether to accept Defendant's plea, the district court

specifically addressed the waiver issue in a colloquy with Defendant. The court described the terms of the waiver of appellate and postconviction relief, repeatedly asking Defendant if he understood the ramifications of waiving his right to appeal or to file any postconviction relief or habeas corpus proceedings. See id., Supp. Vol. I at 18-19. The court stated that "[t]here could . . . be a question as to whether you can actually . . . waive all of these rights as provided for in paragraph 18," noting that it did not know the "full and complete answer to that question." Id. at 19. But, the court instructed Defendant, "it's very possible that if you wanted to appeal . . . [or] to file a post-conviction . . . [or] habeas corpus [proceeding], . . . the Court could very well find that you have waived all of those rights and you would not be permitted to have the appeal or the post-conviction proceeding or the habeas corpus proceeding." Id. at 19-20. Defendant clearly and repeatedly stated that he understood that he was giving up these rights.[6] See id. at 20.

The record is full of similar representations with respect to the plea agreement as well. The court followed the requirements of Fed. R. Crim. P. 11, explaining and determining if Defendant understood the nature of the charges; the possible penalties including supervised release and the court's role in sentencing

---

[6]On the basis of this colloquy, Defendant's argument in his pro se brief that the waiver was not knowingly made because he was not specifically informed about the postconviction relief waiver has no merit.

-24-

and applying the sentencing guidelines; Defendant's right to plead not guilty and to be tried by a jury; the possibility that his answers to the court's questions could be used against him in a prosecution for perjury; and, as reviewed above, the terms and implications of the waiver provision. To all these inquiries, Defendant responded that he understood his rights and what he was giving up by way of his plea. When asked whether his guilty plea was "made voluntarily and completely of [his] own free choice," Defendant answered, "Yes," R., Supp. Vol. I at 13, and he testified that his plea was not obtained by any use of force or compulsion. The court also questioned whether Defendant understood the terms and conditions of the plea agreement, and Defendant stated that he did. In sum, the court determined that Defendant was mentally competent to understand the consequences of his plea and that the plea was "made voluntarily and with [an] understanding of the nature of the charges . . . [and] the consequences of [the] plea." See id. at 34.

In light of these statements by the court and Mr. Cockerham, we hold that Defendant entered the plea and made the waiver knowingly and voluntarily. We therefore affirm the district court's decision enforcing the waiver and dismissing the § 2255 motion as it relates to the sentencing for Defendant's drug convictions.

## C. Section 924(c) Conviction

-25-

Finally, we address the second component of Defendant's ineffective assistance claim. In his § 2255 motion, Defendant contended that the evidence was insufficient under Bailey, 516 U.S. 137, to sustain a § 924(c) conviction for using or carrying a firearm during and in relation to a drug trafficking crime. On appeal, Defendant urges us to read the waiver provision as a restriction only on the right to appeal or collaterally attack his sentence. In other words, he contends that the plea agreement waiver did not encompass his right to appeal or collaterally attack his conviction.

Having reviewed the record, we do not view the language in the plea agreement in the same manner as does Defendant. The waiver provision includes broad language waiving "*any* appeal rights conferred by 18 USC § 3742, any post-conviction proceedings, and any habeas corpus proceedings." R., Vol. 1, Doc. 4, Plea Agreement at 9 (emphasis added). This language, in combination with the colloquy at the plea hearing between the court and Defendant, demonstrates that the waiver provision applied to Defendant's right to appeal and collaterally attack his sentence and his conviction. See id., Supp. Vol. I at 17-20; United States v. Smith, 160 F.3d 117, 120-21 (2d Cir. 1998) (determining that Rule 11 violation was not waived by plea agreement waiver of right to appeal sentence).

Although we disagree with Defendant's argument concerning the scope of

the waiver, we nonetheless determine that his underlying argument concerning the § 924(c) conviction can reasonably be construed as an attack on the validity of the plea agreement. In other words, we view Defendant's assertion that the evidence was insufficient under Bailey as an argument that his plea was unintelligent because his counsel failed to properly inform him about Bailey's impact on the nature of the charge against him. See Bousley v. United States, 523 U.S. 614, 618-19 (1998) (holding that defendant's § 2255 claim that his guilty plea was not knowing and intelligent based on Bailey may be entitled to hearing on the merits if he overcomes his procedural default).

The Supreme Court decided Bailey after the plea hearing in this case but before the court sentenced Defendant.[7] The first thing that should be done on remand is to determine when the plea was accepted. If it was accepted before Bailey, there cannot be an ineffective assistance of counsel claim based on counsel's failure to discuss Bailey with the petitioner before he entered into his plea agreement. However, assuming that the plea was not accepted until after Bailey was decided, we nevertheless note that the Bailey decision narrowed the definition of the use of a firearm during and in relation to a crime of violence or a

---

[7]It is not clear when the court ultimately accepted the plea. The court stated at one point during the plea hearing that it would "reserve[] its decision about acceptance of the plea agreement until a sentencing report ha[d] been made," R., Supp. Vol. I at 21, but then stated at the end of the hearing that it accepted the plea. See id. at 34.

drug trafficking crime, holding that "use" must entail "active employment" of the firearm. Id. at 150. According to the § 2255 petition, Defendant's counsel made some reference about Bailey to the court at sentencing. It is not clear from the record provided to us on appeal whether counsel informed Defendant about Bailey and its potential impact on the firearm charge to which he was pleading guilty. It is also not *at all* clear whether the factual basis for the plea to the § 924(c) charge satisfied Bailey.[8] Because the plea to the § 924(c) charge may be constitutionally invalid if Defendant proved that counsel misinformed him about Bailey's impact on the elements of a § 924(c) offense, see Bousley, 523 U.S. at 618-19, we reverse and remand to the district court with directions to address the § 2255 ineffective assistance claim relating to Defendant's § 924(c) conviction in light of

---

[8]According to the plea colloquy, it appears that the factual basis for the § 924(c) charge was carrying a firearm. See R., Supp. Vol. I at 32. Though Bailey did not attempt to define "carry," its definition of "use" indicates that carrying is more than mere possession and "inert presence." Bailey, 516 U.S. at 149; see also Muscarello v. United States, 524 U.S. 125, 127, 134 (1998) (defining "carry" as requiring some personal agency, knowing possession, and conveyance of the firearm). From the record before us, it appears that an informant observed the shotgun laying on the floor of Defendant's residence during a drug transaction. If the plea was based on use of a firearm, Bailey provides that displaying a gun during a drug transaction satisfies the active employment standard. See Bailey, 516 U.S. at 146; cf. United States v. Gibbs, 182 F.3d 408, 427 (6th Cir.) (reversing § 924(c) convictions because there was no evidence that gun on display in apartment was on display during a drug transaction), cert. denied, 528 U.S. 1051 (1999).

-28-

Bousley.[9]

**V.**

In sum, we hold that a defendant may expressly waive, in a plea agreement, the right to bring a § 2255 collateral attack on his sentence or conviction, that such a waiver must be knowingly and voluntarily made, and that a claim of ineffective assistance of counsel brought pursuant to § 2255 survives such a waiver where it challenges the validity of the plea or the waiver. Defendant's ineffective representation claims concerning his sentencing on drug convictions do not attack the validity of the plea and are therefore waived, but his claim of ineffective assistance concerning the § 924(c) conviction directly challenges the validity of the plea and, therefore, must be examined in the district court.

AFFIRMED in part and REVERSED and REMANDED in part.

---

[9]With respect to the procedural bar, we direct the district court to examine whether Defendant's claim of ineffective assistance of counsel should be reviewed under the "cause" and "prejudice" standard or the "actual innocence" standard in light of Bousley, 523 U.S. at 622-23.

**No. 98-7189, <u>United States v. Cockerham</u>**

**BRISCOE, Circuit Judge, concurring and dissenting:**

I concur in part and dissent in part. I agree with much of the majority decision, including (1) the conclusion in Part II that a waiver of 28 U.S.C. § 2255 rights in a plea agreement is generally enforceable, (2) the conclusion in Part III that a claim of ineffective assistance of counsel in connection with the negotiation of a plea agreement cannot be barred by a waiver of appeal or collateral attack rights in the agreement itself, and (3) the conclusion in Part IV.C. that the waiver-of-appeal-rights provision of the plea agreement entered into by the defendant does not preclude him from asserting that his counsel was ineffective for failing to inform him of the impact of <u>Bailey</u> prior to entry of the plea agreement.[1] My disagreement stems from the majority's conclusion that a general waiver-of-appeal-rights provision, such as the one at issue here, is sufficient to preclude a defendant from asserting on direct appeal or in a § 2255 motion Sixth Amendment violations that occur after entering into the plea agreement.

In <u>United States v. Attar</u>, 38 F.3d 727 (4th Cir. 1994), the court rejected the notion that

_____

[1] The precise nature of defendant's <u>Bailey</u>-based claim hinges on whether <u>Bailey</u> was issued before or after entry of the plea agreement. If <u>Bailey</u> was issued before entry of the plea agreement, there are two aspects to the claim: (1) that counsel should have advised defendant of <u>Bailey</u> prior to entry of the plea, and (2) that counsel should have, in any event, moved to withdraw the plea. If <u>Bailey</u> was issued after entry of the plea, the claim is limited to the assertion that counsel should have moved to withdraw the plea.

a defendant can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.

Id. at 732. I agree with this holding.[2] In the case at hand, it is reasonable to conclude that defendant agreed to waive his right to appeal his sentence based, in part, upon the assumption that he would receive effective assistance of counsel after entry of his guilty plea. For example, it is reasonable to conclude that defendant assumed his counsel would file appropriate objections to the presentence report, and would likewise take the necessary steps to ensure that the government satisfied its burden of proof at the sentencing proceedings. Indeed, these conclusions are supported by the language of the plea agreement itself, which anticipates that both parties may file objections to the presentence report. ROA, Doc. 4, Exhibit A at 5-6 (¶ 9). Likewise, it is reasonable to conclude that

---

[2] In my view, the majority reads Attar too narrowly. For example, the majority attempts to distinguish Attar, in part, on the grounds that the plea agreement at issue there specifically reserved the "right to appeal based upon grounds of ineffective assistance of counsel . . . not known to the Defendants at the time of the[ir] . . . guilty plea." 38 F.3d at 729. As the majority ultimately concedes, however, the Fourth Circuit did not rely on this provision in reaching its decision. A review of the facts of Attar indicates that this provision was inapplicable since the defendants were not seeking to assert on appeal that they received ineffective assistance of counsel after they entered into their plea agreements, but rather that they were denied the right to counsel altogether after they entered into their plea agreements.

-2-

defendant assumed his counsel would, if necessary, move to withdraw the plea agreement in the event legal decisions issued after entry of the plea called into doubt the validity of the plea.

To conclude otherwise would mean that, by generally waiving his right to appeal or file a collateral attack, a criminal defendant also effectively waives his Sixth Amendment right to effective assistance of counsel during the post-plea proceedings. Although the right to effective assistance of counsel can be waived, I am persuaded that it requires a more explicit waiver provision than the one found in the plea agreement here. See, e.g., United States v. Williamson, 806 F.2d 216, 219 (10th Cir. 1986) (discussing requirements for valid waiver of Sixth Amendment right to effective assistance of counsel).

Having said this, I acknowledge that the Seventh Circuit has refused, based upon general waiver-of-appeal-rights provisions in plea agreements, to address ineffective assistance claims which alleged deficient performance of counsel during sentencing (e.g., counsel's failure to raise various sentencing issues that would have resulted in a lower sentence). See United States v. Joiner, 183 F.3d 635, 644-45 (7th Cir. 1999). In doing so, the Seventh Circuit has characterized such claims as little more than "garden-variety attacks" on the underlying sentence, guised as claims of ineffective assistance. While I acknowledge the Seventh Circuit's interest in upholding the underlying plea agreements, I question

whether this approach is the proper one. In <u>Kimmelman v. Cockerman</u>, 477 U.S. 365, 374 (1986), the Supreme Court emphasized there is a legal distinction between a habeas petitioner's Sixth Amendment ineffective assistance of counsel claim and the underlying claim that counsel allegedly failed to assert at trial. In particular, the Court noted that while the defaulted claim "is one element of proof of [the] Sixth Amendment claim, the two claims have separate identities." <u>Id.</u> at 375. Thus, for purposes of determining the applicability of the waiver-of-rights provision contained in defendant's plea agreement, a distinction must be made between the ineffective assistance claims and the underlying claims that counsel allegedly failed to make. In other words, it seems to me improper to characterize the ineffective assistance claims as "garden-variety" attacks on the sentence itself.

For these reasons, I would reverse and remand with directions to the district court to consider on the merits defendant's claims that his counsel was ineffective for failing (1) to move to withdraw the plea agreement based upon <u>Bailey</u>, and (2) to challenge the trial court's finding, at the time of sentencing, that the crimes at issue involved d-methamphetamine.