**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE SOCORRO ALVAREZ,

    Defendant-Appellant.

No. 01-6160
(Western District of Oklahoma)
(D.C. No. 00-CV-2058-T)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Jose Socorro Alvarez's request for a certificate of appealability ("COA"). Alvarez seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Alvarez has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** the appeal. *See id.* § 2253(c)(3).

Pursuant to a plea agreement, Alvarez pleaded guilty to possession with intent to distribute methamphetamine and was sentenced to a term of eighty-seven months in prison. The plea agreement contained a waiver of direct appeal and collateral attack rights. Alvarez nevertheless filed the instant § 2255 motion claiming that his counsel had been constitutionally ineffective in several respects. Relying on this court's recent decision in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), the district court concluded that Alvarez had waived the right to bring all such claims, with the exception of "ineffective assistance of counsel claims challenging the validity of the plea or the waiver." Upon examining the record, the district court concluded that Alvarez had knowingly and voluntarily pleaded guilty and that he had completely failed to demonstrate that he

was prejudiced by any of counsel's actions in negotiating the plea agreement and waiver of rights.

Alvarez is entitled to a COA only if he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). This court has conducted a thorough review of Alvarez's appellate brief and request for a COA, the district court order, and the entire appellate record. That review demonstrates that Alvarez's conclusory allegations that his attorney "pressured" him to make an "involuntary" plea are simply insufficient to overcome his statements in open court during the plea hearing that he was knowingly and voluntarily executing the guilty plea and waiver of rights. *See Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) ("[R]epresentations of the defendant . . . as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." (quotation omitted)). Furthermore, there is absolutely no evidence in the record indicating that the United States was willing to enter into a

conditional plea agreement preserving Alvarez's right to challenge the district court's denial of his suppression motion. Nor is there any evidence that Alvarez would have insisted on going to trial rather than pleading guilty if his counsel had informed him that course was necessary to preserve the right to appellate review of the suppression question. Accordingly, this court **DENIES** Alvarez's request for a COA for substantially those reasons set out in the district court's order entered March 6, 2001, and **DISMISSES** the appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge