**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

v.

KATHRYN HELTZEL,

          Defendant - Appellant.

No. 05-5099

N. Dist. of Oklahoma

(D.C. No. 04-CV-00944-HDC
and 98-CR-00111-HDC-2)

---

**ORDER**

---

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

On January 28, 2002, Kathryn Heltzel pleaded guilty to possession with intent to distribute approximately five pounds of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). She was sentenced to 180 months' imprisonment, five years of supervised release, and a fine of $4,000. She appealed her conviction to this court, and we affirmed. On December 20, 2004, she filed a timely habeas motion under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Oklahoma. The district court denied her motion, and denied a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring COA). Ms. Heltzel now seeks a COA from this court. We deny a COA and dismiss the appeal.

## I. BACKGROUND

In her original § 2255 motion Ms. Heltzel raised claims of ineffective assistance of counsel, illegal search and seizure, false arrest, and breach of her plea agreement. On January 13, 2005, she filed a motion to amend her § 2255 motion, raising a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), and attaching numerous exhibits, including transcripts of her change-of-plea hearing and sentencing hearing. The district court granted her motion to amend.

The government countered Ms. Heltzel's allegations of ineffective assistance with an affidavit from her attorney. The affidavit stated that she had met with Ms. Heltzel 25 times, that she had discussed with Ms. Heltzel the sentence she faced, and that, in her opinion, Ms. Heltzel had entered the plea voluntarily and knowingly. The government also submitted a copy of Ms. Heltzel's petition to enter a plea of guilty, which stated, "I believe my attorney has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP SHE WAS GIVEN ME." R. Doc. 97 Attach. 1 at 4. In addition, the government pointed to the transcript of Ms. Heltzel's change-of-plea hearing, which showed that she understood the plea agreement and the rights she was giving up. Ms. Heltzel filed no response.

The district court denied the claims other than ineffective assistance of counsel because Ms. Heltzel had not raised them on direct appeal. The court found that her failure to raise the issues on direct appeal could not be excused

because Ms. Heltzel had "not stated any facts or presented any evidence to support any of the claims she has raised," District Court Order of March 17, 2005 (hereinafter the March Order) at 2, and therefore had not shown cause and prejudice or a fundamental miscarriage of justice.

The district court also denied the claim under *Blakely* (and assumed it also relied on *United States v. Booker*, 543 U.S. 220 (2005), decided the day before Ms. Heltzel filed her motion to amend), because Ms. Heltzel's sentence was final before those Supreme Court decisions were handed down.

As for Ms. Heltzel's numerous allegations of ineffective assistance of counsel, the district court noted that as part of her plea agreement, Ms. Heltzel had waived her right to appeal and her right to attack her sentence collaterally. The court stated that under *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), this waiver was enforceable except as to ineffective-assistance-of-counsel claims relating to the validity of her plea and the waiver itself. Because Ms. Heltzel did not challenge the validity of her waiver, the district court found that her only cognizable claim was an ineffectiveness claim relating to the validity of her guilty plea—that as a result of the inactions of her attorney she did not enter into the plea knowingly or voluntarily. The court listed the following as Ms. Heltzel's allegations in this regard:

> (1) She was coerced into entering the plea agreement[;] (2) Counsel should have safeguarded her during negotiations with the government because of her mental illness[;] (3) Counsel failed to inform her of

-3-

her rights[;] (4) Counsel failed to inform her of her right to make objections to the plea agreement[;] (5) Counsel failed to explain the plea agreement or give her sufficient time to read and understand it[;] (6) Counsel failed to safeguard her during the plea and sentencing hearing as an active advocate[; and] (7) She never saw the presentence report until counsel informed her after sentencing that she was no longer her attorney.

March Order at 3. Noting the absence of evidence supporting Ms. Heltzel's claim of ineffective assistance of counsel, the court denied the claim.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but she must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist

-4-

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

On appeal Ms. Heltzel raises a number of claims, some apparently not raised below.  In her plea agreement, however, she waived her right to raise a collateral attack on her conviction, except for claims of ineffective assistance of counsel.  Therefore, the only claims we need consider are ineffectiveness claims, unless she can successfully challenge the waiver or the plea agreement as a whole.  But the evidence referenced in the government's response to Ms. Heltzel's § 2255 motion establishes the lack of merit to her allegations of ineffective assistance.  And on appeal she does not point to any further evidence supporting her claims, nor does she contend that she could have provided further evidence in district court if given the opportunity.  All she adds to her allegations in district court are copies of a series of letters from an attorney in the Federal Public Defender's office informing her of the consequences of pursuing her direct appeal in this court.  And even were we to consider this evidence, what it shows is not ineffective representation but, on the contrary, very conscientious and capable efforts by the attorney.  Accordingly, no reasonable jurist could conclude that the district court erred in denying relief.

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge