**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERALD WHEELER, JR.,

Defendant-Appellant.

No. 07-4135
(D.C. No. 2:06-CR-652-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant's plea agreement. The motion is filed

pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc).

In response, defendant concedes that the government's motion is well taken, and

that the appeal should be dismissed, because the appeal falls within the scope of

the appeal waiver, he knowingly and voluntarily waived his appellate rights, and

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

enforcing the waiver would not result in a miscarriage of justice. *See id*. at 1325. Defendant requests only that his right to assert an ineffective-assistance-of-counsel claim in a 28 U.S.C. § 2255 motion be preserved. Defendant is correct that such a claim must ordinarily be raised in a collateral § 2255 proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (holding that this rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel); *see also United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) ("[A] claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself.") (quotation omitted).

Accordingly, the government's motion is GRANTED, and the appeal is DISMISSED, without prejudice to defendant's right to raise an ineffective-assistance-of-counsel claim in a collateral proceeding. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM
