**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE CALDERON, also known as
Maestro Calderon and Enrique
Calderon,

Defendant-Appellant.

No. 07-4270
(D.C. No. 2:06-CR-00680-DB-2)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **LUCERO**, Circuit Judges.

---

The government moves to enforce the plea agreement it entered into with

Jose Calderon.  Mr. Calderon admits that he "can set forth no legal grounds to

oppose the motion to enforce the plea agreement."  Response to Mot. to Enforce

Plea Agreement at 4.  He therefore concedes the motion.  After independently

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

applying the three-pronged analysis set forth in *United States v. Hahn*, 359 F.3d
1315, 1325 (10th Cir. 2004), we conclude that the government's motion to
enforce should be granted.

Mr. Calderon asks that if the motion to enforce is granted he be allowed to
raise a claim of ineffective assistance of counsel in negotiating the plea in an
appropriate proceeding. Typically, such claims should be brought in a motion to
vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States
v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005). Although, in his plea
agreement, Mr. Calderon waived the right to challenge his sentence in a § 2255
proceeding, a claim of ineffective assistance of counsel concerning the
negotiation of a plea agreement cannot be barred by the agreement's appeal
waiver provision. *See United States v. Cockerham*, 237 F.3d 1179, 1184
(10th Cir. 2001). Accordingly, our dismissal of this appeal is without prejudice
to Mr. Calderon's pursuing a claim of ineffective assistance of counsel in a
§ 2255 proceeding.

The government's motion to enforce the plea agreement is GRANTED, and
the appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM

-2-