FILED
United States Court of Appeals
Tenth Circuit

January 12, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff‑Appellee,

v.

JOSE ANTONIO LIMON‑PENA,

       Defendant‑Appellant.

No. 10-2225
(D.C. No. 2:10-CR-01155-JAP-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **MURPHY**, and **GORSUCH**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Jose Antonio Limon-Pena's plea agreement.

The defendant pleaded guilty to re-entry of a removed alien in violation of

8 U.S.C. § 1326(a) and (b). Pursuant to the plea agreement, the defendant waived

his right to appeal his conviction or his sentence, provided his sentence was

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

within the statutory maximum authorized by law.  The defendant was sentenced to 37 months' imprisonment, which was below the statutory maximum of 20 years' imprisonment and at the low end of the advisory guideline range of 37 to 41 months' imprisonment.  Nevertheless, the defendant filed a pro se notice of appeal, claiming the search that led to his arrest was unconstitutional, that his sentence was unreasonable, and that he received ineffective assistance of counsel.

The government has filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant, through counsel, does not assert any reason why the government's motion to enforce should not be granted.  Instead, counsel requests that we construe defendant's notice of appeal as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct defendant's sentence, and that we remand the matter to the district court to consider the notice of appeal as a § 2255 motion.

We have reviewed the motion, the record and the defendant's response, and we conclude that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice.  *See Hahn*, 359 F.3d at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).  Although the defendant wishes to raise an ineffective assistance of counsel claim, this claim must ordinarily be raised in a collateral § 2255 proceeding, rather than on direct appeal.  *See United*

*States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."). Accordingly, we grant the government's motion to enforce the appeal waiver.

We deny the request to construe defendant's notice of appeal as a § 2255 and to remand the matter to the district court. First, there is no reason to recharacterize the notice of appeal; there is no risk at this time that the defendant will be unable to file a timely § 2255 motion in the district court. Second, a court may not recharacterize a pro se filing as a § 2255 motion without first warning the defendant of the potential negative consequences of such recharacterization and giving him the chance to withdraw the filing should he wish to preserve his ability to seek habeas relief unimpeded by the restrictions imposed by 28 U.S.C. § 2244(b) at a more opportune time in the future. *See Castro v. United States*, 540 U.S. 375, 381-83 (2003). Third, with the exception of his proposed ineffective assistance of counsel claim, the defendant's appeal waiver included a waiver of his right to pursue any collateral attack on his conviction under § 2255. Mot. to Enforce, Attach. A (Plea Agreement) at 4. The defendant's plea agreement waiver did not waive his right to bring a § 2255 motion based on ineffective assistance of counsel claims that challenge the validity of the plea or the appeal waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001); Plea Agreement at 4.

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.


ENTERED FOR THE COURT
PER CURIAM