**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Teresa Fern MILLER, Defendant–
Appellant.**

**No. 01–6061.**

United States Court of Appeals,
Tenth Circuit.

Oct. 5, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.*

**ORDER AND JUDGMENT ** **

PAUL KELLY, Jr., Circuit Judge.

Petitioner Teresa Fern Miller, an inmate appearing pro se, seeks a certificate of appealability ("COA") allowing her to appeal the district court's order denying

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

relief on her motion pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Because Ms. Miller has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny her request and dismiss the appeal.

In September 1999, Ms. Miller pleaded guilty to maintaining a place for the purpose of distributing and using a controlled substance, 21 U.S.C. § 856(a)(1), and aiding and abetting, 18 U.S.C. § 2. Doc. 29, at 2. She was sentenced to a term of 210 months. Doc. 45, at 2.

Although Ms. Miller's plea agreement contained a waiver of the right to appeal or collaterally attack the conviction and sentence, Doc. 29, at 4–5, in September 2000 she filed a § 2255 motion in federal district court. Doc. 51. In this motion and a supplemental memorandum, she asserted four claims: (1) that her guilty plea was involuntary, id. at 5; (2) that her counsel rendered ineffective assistance in the plea negotiations, id.; Doc. 56, at 3; (3) that her counsel was ineffective for failing to object to her base offense level of 38, which took into account drug quantities from relevant conduct, Doc. 51, at 5; Doc. 56, at 3; and (4) that her counsel was ineffective for failing to investigate her indictment as the indictment was "defective." Doc. 56, at 1–2. Although the district court recognized that Ms. Miller's waiver of her right to appeal or collaterally attack her conviction and sentence was "enforceable," Doc. 59, at 2, the district court went on to hold that Ms. Miller's plea was knowingly and voluntarily made and that she had not received ineffective assistance of counsel. Id. at 2–7. Therefore, the district court denied the § 2255 motion, id. at 7, and denied a COA. Doc. 71.

On appeal, Ms. Miller raises nine claims: (1) prosecutorial misconduct, Aplt. Br. at 4; (2) sentencing errors including the use of additional drug quantities as relevant conduct and a two-point enhancement for possession of a weapon, id. at 5; (3) "breach of judicial discretion," id. at 4–5; (4) ineffective assistance of counsel for failure to investigate or interview any witnesses, id. at 5; (5) ineffective assistance of counsel for failure to "obtain specific [and] pertinent information ... which directly affected [Ms. Miller's] sentencing," id.; (6) ineffective assistance of counsel for failure to cross-examine a witness about Ms. Miller's possession of a weapon, thereby leading to a two-point sentence enhancement, id.; (7) ineffective assistance of counsel for failure to object to improper evidence, id.; (8) ineffective assistance of counsel due to cumulative error, id.; and (9) the district court erred in not granting Ms. Miller an evidentiary hearing. Id. at 1, 4.

■ First of all, we note Ms. Miller waived her right to directly appeal or collaterally attack her conviction and sentence as part of her plea agreement. A defendant's waiver of her right to bring a § 2255 collateral attack on her conviction and sentence is enforceable as long as the waiver was "knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1181, 1190–91 (10th Cir.), petition for cert. filed, No. 01–5462 (July 23, 2001). The only claims to survive such a waiver are claims that "the agreement was involuntary or unknowing, ... [that] the court relied on an impermissible factor such as race, or ... [that] the agreement is otherwise unlawful." Id. at 1182 (citations omitted). Ineffective assistance of counsel claims that challenge the validity of the plea survive a waiver of the right to bring a § 2255 motion, but other ineffective assistance of counsel claims, including

those challenging sentencing, are waivable. *Id.* at 1187.

"In reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo and its findings of fact for clear error." *Id.* at 1181 (citations omitted). We review the question of whether a defendant has waived his right to collateral review pursuant to a § 2255 motion de novo. *Id.* We first must determine whether Ms. Miller's waiver was "voluntarily and knowingly made." *Id.* After having reviewed the record on appeal, including the district court's order, Ms. Miller's submissions to this court, the guilty plea, and the transcript of the guilty plea, we are convinced that the waiver was knowingly and voluntarily made. *See, e.g.,* Doc. 29, at 4–5; Doc. 57, Ex. 3, at 13, 15–17 (tr. of guilty plea). Therefore, we hold that Ms. Miller has waived her right to bring her claims for prosecutorial misconduct, sentencing errors, breach of judicial discretion, and all ineffective assistance of counsel claims that do not attack the validity of the plea.

Although Ms. Miller has failed to clearly allege on appeal that ineffective assistance of counsel led her to enter a guilty plea, we will liberally construe her fourth claim, ineffective assistance of counsel for failure to interview any witnesses, and her eighth claim, ineffective assistance of counsel due to cumulative error, to do so. However, because Ms. Miller did not raise these claims in the district court as part of her original § 2255 motion, we decline to address them here. *In re Walker (Walker v. Mather),* 959 F.2d 894, 896 (10th Cir.1992).

█ Finally, we review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion. *United States v. Nichols,* 169 F.3d 1255, 1263 (10th Cir.

1999). In a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a prisoner's claims where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. The records of this case conclusively show that Ms. Miller was not entitled to any relief and, therefore, we hold that Ms. Miller was not entitled to an evidentiary hearing.

We DENY Ms. Miller's request for a COA and DISMISS this appeal.