**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MELINDA WATSON,

     Defendant - Appellant.

No. 01-6338
(Western District of Oklahoma)
(D.C. Nos. 01-CV-305-C,
99-CR-150-C)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY** and **MURPHY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Melinda Watson's *pro se* request for a certificate of appealability ("COA"). Until Watson obtains a COA, she cannot

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal the district court's denial of her motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(b) (providing that a petitioner may not appeal the denial of a § 2255 motion unless she first obtains a COA). Watson's motion to proceed *in forma pauperis* on appeal is **granted**.

Watson pleaded guilty to one count of possessing with intent to distribute 1548.60 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). She was sentenced to serve a 210-month term of incarceration followed by a five-year term of supervised release. Although Watson signed a plea agreement wherein she waived her right to bring an appeal or collateral attack on her conviction or sentence, she filed the instant § 2255 habeas petition on February 16, 2001, asserting eight grounds for relief.

The district court concluded that Watson was precluded by the plea agreement from raising her claims in a collateral attack unless she could demonstrate that the plea agreement and the waiver were not made knowingly and voluntarily. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) (holding that the waiver of the right to collateral review pursuant to § 2255 is generally enforceable if the plea and the waiver were voluntarily and knowingly made). The court noted that Watson's statements to the court belie her assertion that her plea was not knowing or voluntary. The district court then

considered the merits of Watson's claim that the waiver and the guilty plea were not knowing and voluntary because she received ineffective assistance of counsel. *See id*. at 1187 (holding "that a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver"). The court concluded that Watson failed to show that her counsel's performance was constitutionally deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1994). The district court, thus, denied Watson's § 2255 motion.

Watson is not entitled to a COA unless she can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Watson can make that showing by demonstrating that: (1) the issues raised are debatable among jurists, (2) a court could resolve the issues differently, or (3) that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Based on our review of Watson's request for a COA, her appellate brief, the district court's order, and the entire record before us, we conclude that the district court's disposition of Watson's § 2255 motion is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. Accordingly, Watson has failed to make the required substantial showing of the denial of a constitutional right and is not entitled to a COA. *See*

28 U.S.C. § 2253(c)(1)(b). This court **denies** Watson's request for a COA for substantially those reasons set forth in the district court's order dated July 5, 2001, and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge