**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HIPOLITO LOPEZ, a/k/a, Poli,

Defendant-Appellant.

No. 06-4072
(D.C. No. 2:03-CR-476-DB)
(D. Utah)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Defendant Hipolito Lopez pled guilty to one count of conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine and 500 grams or more of a mixture containing methamphetamine. Pursuant to the plea agreement, Mr. Lopez "knowingly, voluntarily and expressly waive[d his] right to appeal any sentence imposed upon [him], and the manner in which

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the sentence is determined . . . except [he did] not waive [his] right to appeal a sentence above the maximum penalty provided by the statute of conviction." Mot. to Enforce, Ex. 1 (Plea Agreement), at 4. Lopez was sentenced to twenty years' imprisonment, which is below the statutory maximum of life imprisonment for which he was eligible under 21 U.S.C. § 841(b)(1)(A), and at the maximum sentence that he and the government stipulated to in his plea agreement. Plea Agreement at 7.

Lopez filed a notice of appeal challenging his sentence. The government has filed a motion to enforce the appeal waiver in its plea agreement. Lopez's attorney filed a response stating his belief that Lopez has no colorable arguments to offer in response to the motion to enforce. This court gave Lopez an opportunity to file a pro se response to the motion to enforce. He states that he received ineffective assistance of counsel and he believes additional charges were added to the one count to which he pled guilty. He requests the court appoint him counsel.

This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three elements are satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). The miscarriage-of-justice

factor requires the defendant to show one of the following: (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver was otherwise unlawful. *Hahn*, 359 F.3d at 1327.

We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and the response from Lopez, and we conclude that the *Hahn* factors have been satisfied. To the extent that Lopez contends, under the miscarriage-of-justice prong, that he received ineffective assistance of counsel in connection with the negotiation of the plea agreement, such a claim must ordinarily be raised in a collateral 28 U.S.C. § 2255 proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir.), *cert. denied*, 126 S. Ct. 550 (2005); *see also United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) ("a claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself.") (quotation omitted).

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement, and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM