**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

GUILLERMO J. ARAIZA,

      Defendant–Appellant.

No. 08-4135
(D.C. No. 2:07-CR-00707-TS-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

Defendant Guillermo J. Araiza pleaded guilty to possession of

methamphetamine with intent to distribute and possession of a firearm in

furtherance of a drug trafficking crime.  Pursuant to the plea agreement, he

waived his right to appeal his conviction or his sentence, provided his sentence

was within the statutory maximum authorized by law and within the advisory

sentencing guideline determined by the district court to apply.  Defendant's

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

sentence was below the statutory maximum and within the advisory guideline range.  Nevertheless, defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  In response, defendant concedes through counsel that the issue he seeks to present on appeal is within the scope of his appeal waiver and that he knowingly and voluntarily waived his appellate rights.  He further concedes that, subject to his right to assert an issue of ineffective assistance of counsel in a subsequent 28 U.S.C. § 2255 motion, enforcing the waiver would not result in a miscarriage of justice.  Thus, defendant concedes that there are no valid grounds to object to the government's motion to enforce the appeal waiver.  *See Hahn*, 359 F.3d at 1325.

Defendant does ask that he be allowed to pursue a § 2255 claim that his counsel was constitutionally ineffective in connection with the negotiation of the appeal waiver.  Defendant correctly notes that a claim of ineffective assistance of counsel in connection with the negotiation of the plea agreement must ordinarily be raised in a collateral § 2255 proceeding, not on direct appeal.  *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) ("[A] claim of ineffective assistance of counsel in connection with the negotiation of a plea agreement cannot be barred by the agreement itself.") (alteration and quotation omitted).

We have reviewed the record and defendant's response, and we agree that the appeal falls within the scope of the appeal waiver, that defendant knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice.

Accordingly, we GRANT the motion to enforce the appeal waiver, without prejudice to defendant's right to file a § 2255 motion asserting ineffective assistance of counsel in connection with the negotiation of his appeal waiver, and we DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM