**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRISTIN T. CHEADLE,

Defendant-Appellant.

No. 09-6005

(W.D. of Okla.)

(D.C. Nos. 5:08-CV-01115-R and
5:07-CR-00062-R-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Tristin Cheadle seeks a certificate of appealability (COA) to challenge the

district court's dismissal of his motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255. Construing Cheadle's pro se filings liberally, *see Van*

*Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we conclude

Cheadle has failed to make "a substantial showing of the denial of a constitutional

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

right." *See* 28 U.S.C. § 2253(c)(2).  We therefore deny his request for a COA and dismiss this appeal.

## I.  Background

Cheadle pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  As part of his guilty plea, Cheadle entered into a plea agreement that, among other things, waived his right to appeal or collaterally challenge his conviction and sentence.  The district court accepted his plea and the plea agreement, and sentenced Cheadle to 84 months' imprisonment.  Cheadle did not bring a direct appeal.

In late 2008, within the allowable time period after his judgment and conviction became final, Cheadle filed a 28 U.S.C. § 2255 motion in district court seeking to correct his sentence.  In his motion, Cheadle claimed that his sentence was unlawful because his criminal history was incorrectly calculated.  Specifically, he contended his four prior convictions should have been considered related cases under the Sentencing Guidelines and that his criminal history calculation was therefore too high.  The district court dismissed Cheadle's motion, finding his claim was barred by the waiver in his plea agreement.

Cheadle now brings this appeal raising the identical arguments.

## II.  Analysis

Before a district court's denial of a motion for relief pursuant to § 2255

may be appealed, either the district court or this court must issue a COA. 28 U.S.C. § 2255(c)(1)(B). Cheadle is not entitled to a COA unless he makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To satisfy this standard, Cheadle must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Cheadle contends he is entitled to relief because the sentencing court erred in how it treated his prior convictions in determining his sentencing range. In particular, Cheadle's § 2255 filings—both below and on appeal here—challenge the sentencing court's calculation of his criminal history under the Guidelines. This argument, as the district court properly noted, is barred by Cheadle's waiver of collateral attack.

Generally, a waiver of collateral attack rights is enforceable when "the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

Cheadle's plea agreement forbids him from collaterally attacking either his sentence or "the manner in which the sentence is determined." R., Vol. I, Doc. 33

at 6. Because all the claims in his § 2255 motion fit this description, they are plainly within the scope of the waiver's terms. Notably, Cheadle does not argue nor does the record provide a basis to question the knowing and voluntary nature of the plea agreement and the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004) (en banc) (per curiam).

Even under the most liberal construction, Cheadle's pleadings have raised no ineffective assistance of counsel claims, or any other claims that may have survived the plea agreement's waiver. *See Cockerham*, 237 F.3d at 1187; *see also Hahn*, 359 F.3d at 1329 (defendant must "provide support for the notion that he did not knowingly and voluntarily enter into his plea agreement"). Finally, we are not convinced that enforcement of the plea agreement would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1329.

## III. Conclusion

For the foregoing reasons, Cheadle has not made a substantial showing of the denial of a constitutional right and we DENY his request for a COA and DISMISS this appeal. We further DENY Cheadle's motion to proceed *in forma pauperis*.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge