FILED
United States Court of Appeals
Tenth Circuit

October 6, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NOBLE T. BUCHANNON,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 09-3063
(D.C. Nos. 6:06-CV-01352-WEB and
6:05-CR-10091-WEB )
(D. Kansas)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL,** and **O'BRIEN**, Circuit Judges.

This is a <u>pro</u> <u>se</u> appeal arising out of the district court's order denying Petitioner Noble T. Buchannon's 28 U.S.C. § 2255 Motion to Vacate and his Rule 60(b)(6) Motion for Relief from that order. Buchannon pled guilty to a federal drug charge in August 2005, and the district court subsequently sentenced him to 188 months imprisonment. Buchannon did not file a direct appeal; however, in November 2006, Buchannon filed a § 2255 Motion to Vacate. The district court denied the § 2255 motion on June 4, 2007, and Buchannon initially failed to appeal that order. However, in September 2009

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Buchannon filed a Rule 60(b)(6) Motion for Relief from Judgment in which he sought to file a traverse to the government's response to his § 2255 motion, which he claimed he never received. The district court stayed its original order denying the § 2255 motion until it received and considered the arguments raised in Buchannon's traverse. It then held that the original order would remain in effect and, thus, denied Buchannon's Rule 60(b) motion. Buchannon timely appealed this order.

In order to appeal, Buchannon must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c). We will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Buchannon has failed to make this showing.

In his initial § 2255 motion and his traverse, Buchannon made two basic arguments: First, he argued that his prior convictions could not serve as predicate offenses that subjected him to a sentence enhancement as a career offender. Second, he argued that his counsel was ineffective because (a) his counsel failed to inform him that, assuming his first argument is correct, his prior convictions could not subject him to a sentence enhancement as a career offender and (b) his counsel failed to object to the use of his prior convictions to enhance his sentence based on his career offender status.

The district court denied Buchannon's Rule 60(b) motion and reaffirmed its denial of Buchannon's § 2255 motion because Buchannon waived his right to attack collaterally a sentence imposed within the guideline range, as his sentence was. The court found no basis for Buchannon's claims of ineffective assistance of counsel, and that his argument that his prior convictions should not have rendered him a career offender did not pertain

2

to the validity of the plea or the waiver. For these same reasons, we DENY Buchannon a certificate of appealability and DISMISS the appeal. See United States v. Hahn, 359 F.3d 1315, 1325-1329 (10th Cir. 2004); see also United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001).

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge