**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUILLERMO PENA-BAEZ,

Defendant - Appellant.

No. 09-3262
(D. Kansas)
(D.C. Nos. 2:09-CV-02108-JWL and
2:06-CR-20175-JWL-1)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Guillermo Pena-Baez seeks to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

The matter is before this court on Pena-Baez's request for a certificate of

appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be

taken from a "final order in a proceeding under section 2255" unless the movant

first obtains a COA). Because Pena-Baez has not "made a substantial showing of

the denial of a constitutional right," this court **denies** his request for a COA and

**dismisses** this appeal. *Id*. § 2253(c)(2).

Pena-Baez pleaded guilty to one count of possession with intent to

distribute more than fifty grams of methamphetamine and aiding and abetting that

offense. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2.  Pursuant to the terms of a written plea agreement, Pena-Baez reserved the right to appeal the denial of a motion to suppress evidence.  However, he specifically waived the right to directly appeal or collaterally attack his conviction and sentence.  This court affirmed the denial of Pena-Baez's suppression motion.  *United States v. Pena-Baez*, 285 F. App'x 553, 558 (10th Cir. 2008).

Pena-Baez filed the instant § 2255 motion on March 4, 2009, raising three claims of ineffective assistance of counsel and one claim alleging the district court should have reviewed his presentence investigation report before accepting his guilty plea.  The Government filed a Motion to Enforce Defendant's Waiver of Collateral Attack and argued all four claims raised in Pena-Baez's § 2255 motion fell within the waiver of appeal rights contained in the plea agreement.  The district court granted the Government's motion with respect to Pena-Baez's claims his attorney was ineffective during the suppression hearing and on direct appeal, and his claim the district court failed to review his presentence investigation report.  The court, however, concluded Pena-Baez's ineffective assistance claim relating to the negotiation of his plea agreement did not fall within the rights he waived in the plea agreement.  *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).  The court denied relief on that claim, concluding Pena-Baez's conclusory allegations of ineffective assistance were insufficient to overcome statements in the plea agreement and

statements Pena-Baez made in open court during the plea proceedings that he was knowingly and voluntarily entering into the plea agreement. *See Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996).

To be entitled to a COA, Pena-Baez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Pena-Baez has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Pena-Baez need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Pena-Baez's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Pena-Baez is not entitled to a COA. Pena-Baez's conclusory allegations that his counsel erroneously informed him that he would receive a sentence of life imprisonment if convicted by a jury, are contradicted by

-3-

statements he made under oath during his plea colloquy and are insufficient to support his ineffective assistance claim. Thus, the district court's resolution of Pena-Baez's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Pena-Baez's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge