FILED
United States Court of Appeals
Tenth Circuit

June 11, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

EUGENE KENNEY,

　　　　Defendant-Appellant.

No. 10-3050
(D.C. No. 2:09-CR-20022-KHV-4))
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Eugene Kenney entered a guilty plea to one count of conspiracy to

distribute cocaine base and heroin. His plea agreement included a waiver of his

right to appeal any matter in connection with his sentence, unless the district

court departed upward from the advisory guideline range. Mr. Kenney was

sentenced to the mandatory minimum of 240 months' imprisonment. Despite his

---

[*]　　This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

appeal waiver, Mr. Kenney has now filed an appeal seeking to challenge his sentence. The government has moved to enforce the appeal waiver in Mr. Kenney's plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In response to the government's motion to enforce the plea agreement, Mr. Kenney concedes through counsel that the issue he seeks to present on appeal is within the scope of his appeal waiver and that he knowingly and voluntarily waived his appellate rights. He further concedes that, subject to his right to assert an issue of ineffective assistance of counsel in a subsequent 28 U.S.C. § 2255 motion, enforcing the waiver would not result in a miscarriage of justice. Thus, Mr. Kenney concedes that there are no valid grounds to object to the government's motion to enforce the appeal waiver. *See Hahn*, 359 F.3d at 1325.

Mr. Kenney does request that he be allowed to reserve the right to file a § 2255 claim alleging ineffective assistance of counsel in connection with the negotiation of the appeal waiver. Mr. Kenney correctly notes that such a claim must ordinarily be raised in a collateral § 2255 proceeding, not on direct appeal. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) ("[A] claim of ineffective assistance of counsel in connection with the negotiation of a plea

agreement cannot be barred by the agreement itself.") (alteration and quotation omitted).

We have reviewed the record and Mr. Kenney's response, and we agree that the appeal falls within the scope of the appeal waiver, that Mr. Kenney knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice.

Accordingly, we GRANT the motion to enforce the appeal waiver, without prejudice to Mr. Kenney's right to file a § 2255 motion asserting ineffective assistance of counsel in connection with the negotiation of his appeal waiver, and we DISMISS the appeal. Counsel's motion to withdraw is GRANTED.


ENTERED FOR THE COURT
PER CURIAM