**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

INDELFONSO
VAZQUEZ‒MARTINEZ,

Defendant-Appellant.

No. 08-3280
(D.C. No. 5:07-CR-40106-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT***

---

Before **O'BRIEN**, **EBEL**, and **HOLMES**, Circuit Judges.

---

Defendant Indelfonso Vazquez-Martinez pleaded guilty to possession with

intent to distribute a mixture or substance containing a detectable amount of

methamphetamine on five separate occasions, in violation of 21 U.S.C.

§ 841(a)(1). His plea agreement states "defendant knowingly and voluntarily

waives any right to appeal or collaterally attack any matter in connection with

---

* This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

[his] prosecution, conviction and sentence." Mot. to Enforce, Attach. 1 (Plea Agreement) at ¶9. The agreement further states "[b]y entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id*. The district court determined the advisory guideline range was 262 to 327 months and imposed a sentence of 262 months, at the low end of the range. Defendant has filed an appeal in which he seeks to challenge the district court's calculation of his sentence. The government has moved to enforce defendant's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id*. at 1325. Defendant contends that his appeal falls within an exception to the appellate waiver. Alternatively, he argues that enforcement of the waiver would result in a miscarriage of justice.

Defendant's plea agreement contains the following exception "defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." Plea Agreement at ¶9. It is undisputed that defendant's sentence did not involve an upward departure. Defendant argues, however, that

evidence presented at his sentencing hearing supported a two to four level reduction from the guideline range determined by the court and that the use of a higher guideline level is "substantially equivalent to an upward departure." Resp. to Mot. to Enforce at 2.

Defendant's argument is precluded by the plain language of the plea agreement. In the waiver provision, he agreed to waive his right to appeal a sentence that was "within the guideline range **determined appropriate by the court**" and the exception applies solely to upward departures from the **"applicable sentencing guideline range determined by the court**." Plea Agreement at ¶9 (emphasis added). On appeal, he seeks to challenge the district court's findings of relevant conduct, which he admits are "part and parcel of the determination by the court of the guideline range for sentencing." Resp. to Mot. to Enforce at 3. Defendant's appeal is nothing more than a challenge to the district court's calculation of the appropriate sentencing guideline range, which was expressly waived in his plea agreement.

Defendant's miscarriage-of-justice argument also fails. He argues that there were inconsistent findings relating to the amount of methamphetamine that was attributed to him and that "[t]hese inconsistent findings amount to error that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id*. at 4 (quotation omitted). The miscarriage-of-justice exception, however, looks to whether "*the waiver* is otherwise unlawful," *Hahn* 359 F.3d at

1327 (quotation omitted and emphasis added), not whether some other aspect of the proceeding may have involved legal error. Defendant's argument that his appeal waiver should be excused due to alleged errors in the relevant conduct findings does not support the miscarriage-of-justice exception because his claim only concerns the correctness of his sentence. Because defendant has not asserted any claim regarding the relevant issue of whether the appeal waiver itself was unlawful, *see United States v. Porter*, 405 F.3d 1136, 1144-45 (10th Cir. 2005), defendant has not shown that enforcement of the waiver would seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal. Defendant's motion to file his response out of time is GRANTED.

ENTERED FOR THE COURT
PER CURIAM