FILED
United States Court of Appeals
Tenth Circuit

June 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

INDELFONSO VAZQUEZ-MARTINEZ,
also known as Indelfonso Vasquez-
Martinez, also known as Poncho,

  Defendant-Appellant.

No. 10-3021
(D. Kansas)
(D.C. Nos. 5:09-CV-04110-JAR and
5:07-CR-40106-JAR-1)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

This matter is before the court on Indelfonso Vazquez-Martinez's pro se

request for a certificate of appealability ("COA").  Vazquez-Martinez seeks a

COA so he can appeal the district court's denial of his 28 U.S.C. § 2255 motion.

28 U.S.C. § 2253(c)(1)(B).  Because Vazquez-Martinez has not "made a

substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this

court **denies** his request for a COA and **dismisses** this appeal.

Vazquez-Martinez pleaded guilty to five counts of possession with intent to

distribute a mixture or substance containing a detectable amount of

methamphetamine.  21 U.S.C. § 841(a)(1).  Vazquez-Martinez's plea agreement

specifically stated he "knowingly and voluntarily waive[ed] any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence." Nevertheless, after the district court sentenced him to a term of imprisonment of 262 months, Vazquez-Martinez filed an appeal seeking to challenge the district court's calculation of his sentence. This court enforced the waiver of appellate rights and dismissed Vazquez-Martinez's appeal, concluding the issues raised on appeal fell within the scope of the waiver and enforcing the waiver would not result in a miscarriage of justice. *United States v. Vazquez-Martinez*, 306 F. App'x 434, 436 (10th Cir. 2009).

Vazquez-Martinez then filed the instant § 2255 motion in federal district court raising six grounds for relief: (1) the district court committed "procedural error" by considering relevant conduct in arriving at a sentence; (2) his guilty plea was neither voluntary nor intelligent based on counsel's misestimation of the appropriate sentencing range; (3) counsel was ineffective for failing to appeal the reasonableness of his sentence[1]; (4) the trial court did not apply the appropriate

_____

[1]A review of the entire record in this case reveals this contention has no basis in fact. Vazquez-Martinez's counsel did indeed file a notice of appeal. Counsel's docketing statement indicated Vazquez-Martinez intended to challenge the reasonableness of his sentence, particularly as it related to the use of relevant conduct to arrive at the advisory sentencing range under the Guidelines. These are the very sentencing issues Vazquez-Martinez now presses in his § 2255 motion. In response to the notice of appeal and defense counsel's docketing statement, the United States sought to enforce the appellate waiver set out in Vazquez-Martinez's plea agreement. Defense counsel opposed the government's motion to enforce, arguing the issues Vazquez-Martinez sought to raise were

(continued...)

statutory penalty; (5) the district court based his sentence on judicially found facts; and (6) counsel was ineffective for failing to advise him that his plea agreement would preclude an appeal of his sentence. The district court denied on the merits Vazquez-Martinez's ineffective assistance claims relating to the validity of the plea agreement and waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that a plea-agreement-based waiver of direct appeal or collateral attack rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver"). In particular, the district court noted the plea agreement and plea colloquy conclusively established Vazquez-Martinez was informed that the plea agreement contained a waiver of appeal and collateral attack.[2] The district court likewise noted that the plea agreement established

_____

[1](...continued)
outside the scope of the waiver or, alternatively, enforcement of the waiver would amount to a miscarriage of justice. As noted above, this court rejected those arguments and enforced Vazquez-Martinez's waiver of appellate rights. *United States v. Vazquez-Martinez*, 306 F. App'x 434, 436 (10th Cir. 2009). Thus, Vazquez-Martinez's assertion counsel failed to challenge on direct appeal the reasonableness of his sentence is utterly inconsistent with the record.

[2]Paragraph nine of the plea agreement provided as follows:
Waiver of Appeal and Collateral Attack.
Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed

(continued...)

-3-

Vazquez-Martinez was informed he faced a minimum sentence of five years and a maximum sentence of forty years. In the petition to enter a guilty plea, Vazquez-Martinez indicated he understood he was not guaranteed any leniency in exchange for his guilty plea and was "prepared to accept any punishment permitted by law which the Court sees fit to impose." In light of these "solemn declarations in open court," the district court concluded Vazquez-Martinez's claims of ineffective assistance were without merit. Having so concluded, the district court ruled the remainder of the claims set out in the § 2255 motion were subject to Vazquez-Martinez's waiver of collateral attack.

The granting of a COA is a jurisdictional prerequisite to Vazquez-Martinez's appeal from the denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Vazquez-Martinez must

---

[2](...continued)
which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. . . .

Likewise, when during the plea colloquy the district court asked Vazquez-Martinez if he understood he was "waiving or giving up [his] right to appeal from the prosecution, conviction, or sentence in this case," he responded affirmatively.

make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). When a district court dismisses a § 2255 motion on procedural grounds, a movant is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he has stated a valid constitutional claim and debatable whether the district court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000). In evaluating whether Vazquez-Martinez has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Vazquez-Martinez need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Vazquez-Martinez's appellate filings, the district court's order, and the entire record pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Vazquez-Martinez is not entitled to a COA. The district court's resolution of Vazquez-Martinez's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not

adequate to deserve further proceedings.  Accordingly, this court **DENIES** his

request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge