**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

JOSEPH M. UMAN,

 Defendant-Appellant.

No. 10-3008
(D.C. No. 2:06-CR-20122-KHV-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Joseph M. Uman pleaded guilty pursuant to a plea agreement to knowingly possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The district court sentenced him to 120 months' imprisonment, the statutory maximum. Although Mr. Uman's plea agreement included a waiver of his right to appeal his sentence, he has filed an appeal seeking to challenge his sentence.

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Relying on our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), the government has filed a motion to enforce the appeal waiver.

In determining whether to enforce the appeal waiver, *Hahn* directs that we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

Mr. Uman concedes that the issue he seeks to assert relating to the reasonableness of his sentence falls within the scope of the plea agreement's appeal waiver and that he knowingly and voluntarily waived his appeal rights. He, however, contends that enforcing the appeal waiver may have resulted in a miscarriage of justice because he received ineffective assistance of counsel in negotiating the waiver of his appellate rights. But he also recognizes that this issue must be raised in a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Thus, he seeks to reserve this issue should he file a § 2255 motion.

It is settled that a claim of ineffective assistance of counsel concerning the negotiation of a plea agreement cannot be barred by the appeal waiver provision. *See United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001).

Accordingly, our enforcement of the appeal waiver and dismissal of this appeal is without prejudice to Mr. Uman's pursuing a claim of ineffective assistance of counsel in a § 2255 proceeding.

Accordingly, we GRANT the government's motion to enforce the appeal waiver contained in the plea agreement and DISMISS this appeal without prejudice to Mr. Uman's pursuit of § 2255 relief. Also, we GRANT defense counsel's motion to withdraw.

ENTERED FOR THE COURT
PER CURIAM