**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARMANDO OCHOA-EQUIHUA,

    Defendant - Appellant.

No. 10-3317
(D.C. Nos. 5:10-CV-04034-SAC and
5:08-CR-40020-01-SAC)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Armando Ochoa-Equihua, a federal inmate proceeding pro se, seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Mr. Ochoa-Equihua has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, we deny his request for a COA and dismiss the appeal.

Background

On April 29, 2009 Mr. Ochoa-Equihua pleaded guilty to distributing 4.1 grams of actual methamphetamine. R. 16. He was sentenced to 87 months in

prison and three years of supervised release.  Id.  The plea agreement included a waiver of all rights to appeal or to bring a collateral attack on his conviction or sentence—including a motion under 18 U.S.C. § 2255.  Id. at 37-38, see also United States v. Ochoa-Equihua, Nos. 08-40020, 10-4034, 2010 WL 3924675, at *1 (D. Kan. Sept. 29, 2010) (language of the waiver).  Nonetheless, on April 2, 2010 Mr. Ochoa-Equihua filed a motion under 28 U.S.C. § 2255.  R. 22.  The government moved to enforce the waiver contained in the plea agreement, see id. at 36, and the district court granted the motion.  See Ochoa-Equihua, 2010 WL 3924675, at *4.

## Discussion

To appeal from the denial of his § 2255 motion, Mr. Ochoa-Equihua must obtain a COA.  See 28 U.S.C. § 2253(c)(1)(B).  To obtain a COA, he must make "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  Where, as here, the district court denied the § 2255 motion on procedural grounds, the prisoner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As the district court correctly noted, "'[a] waiver of collateral attack rights

brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.'" Ochoa-Equihua, 2010 WL 3924675 at *2 (quoting United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001)). However, the waiver is invalid if it would result in a miscarriage of justice, see United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), which occurs if (1) the district court relied on a factor such as race, (2) the prisoner's counsel was ineffective concerning the negotiation of the plea agreement, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful. Cockerham, 237 F.3d at 1182 (citations omitted).

In this case, the district court found that the § 2255 waiver was expressly stated in the plea agreement and that the waiver was knowing and voluntary. Ochoa-Equihua, 2010 WL 3924675, at *2-3. These findings are supported by the record and are not reasonably debatable. See R. 37-38; id. at 46 (defendant conceding that he knowingly and voluntarily waived the right to collaterally attack the sentence). As in the district court, Mr. Ochoa-Equihua contends that counsel was ineffective for not obtaining a downward adjustment at sentencing based on his minor role in distributing the drugs. Aplt. Br. at 1. The district court recognized that this does not come within the Cockerham exception for ineffective assistance of counsel in negotiating the plea agreement. Ochoa-Equihua, 2010 WL 3924675, at *3. That conclusion is not reasonably debatable.

See, e.g., <u>Cockerham</u>, 237 F.3d at 1187; <u>United States v. Morrison</u>, No. 10-3210, 2011 WL 286365, at *3 (10th Cir. Jan. 31, 2011) (unpublished) (listing cases).

Finally, the district court concluded that to the extent Mr. Ochoa-Equihua's motion could be read as challenging counsel's effectiveness in negotiating the plea waiver, it was devoid of facts tending to prove that counsel's performance "fell blow an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." <u>Ochoa-Equihua</u>, 2010 WL 3924675, at *3 (internal quotation marks and citations omitted).

Again, that conclusion is not reasonably debatable. The thrust of Mr. Ochoa-Equihua's argument is that he played a small role in the conspiracy and thus should have received a sentence reduction. Aplt. Br. at 2. However, Mr. Ochoa-Equihua's motion is bereft of any facts suggesting this to be the case. Absent facts tending to show that counsel's performance was deficient, the district court's conclusion is not reasonably debatable.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge