FILED
United States Court of Appeals
Tenth Circuit

**March 12, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CALVIN D. COLLINS,

Defendant-Appellant.

No. 11-3342
(D.C. No. 2:10-CR-20129-KHV-17)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Calvin D. Collins pleaded guilty to one count of conspiracy to distribute

and possess with intent to distribute more than five kilograms of cocaine and

more than 280 grams of cocaine base (crack). His plea agreement included a

waiver of his right to appeal any matter in connection with his sentence, unless

the district court departed upward from the advisory guideline range. The district

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

court did not depart upward; instead, it sentenced Mr. Collins at the low end of the advisory guideline range (292 months). Notwithstanding the appeal waiver, Mr. Collins filed an appeal seeking to challenge his sentence. The government now has moved to enforce the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response to the government's motion, Mr. Collins, through counsel, concedes each of these factors. He does request, however, that he be allowed to reserve the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel in connection with negotiating the waiver. Mr. Collins correctly notes that such a claim must ordinarily be raised in a collateral § 2255 proceeding, not on direct appeal. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) ("[A] claim of ineffective assistance of counsel in connection with the negotiation of a plea agreement cannot be barred by the agreement itself.") (alteration and internal quotation marks omitted)).

We have reviewed the record and Mr. Collins's response, and we agree that the appeal falls within the scope of the waiver, all the evidence of record shows

that Mr. Collins knowingly and voluntarily waived his right to appeal, and enforcing the waiver would not result in a miscarriage of justice. Accordingly, the motion to enforce the appeal waiver is GRANTED without prejudice to Mr. Collins's right to file a § 2255 motion asserting ineffective assistance of counsel in connection with negotiating the waiver, and this matter is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM