**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESUS MALDONADO-ORTEGA,

      Defendant-Appellant.

No. 12-3097
(D.C. No. 6:10-CR-10104-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **EBEL**, and **HOLMES**, Circuit Judges.

Defendant Jesus Maldonado-Ortega pleaded guilty to possession with intent to

distribute methamphetamine, being an alien in possession of a firearm, and illegal

re-entry. He was sentenced to 240 months' imprisonment. Although his plea

agreement contained a waiver of his appellate rights, defendant has filed an appeal

from the district court's denial of his motion to reduce his sentence. The government

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 1327 (quotation omitted).

Defendant filed a pro se brief in response to the government's motion to enforce the appeal waiver. In his brief, defendant states that he "knows he waived his appeal rights." Aplt. Br. at 3. He explains, however, that the Department of Justice issued a new ruling about Fast-Track sentencing, and that therefore he has the "authority to return to the sentencing court to invoke the new ruling." *Id*. Defendant does not cite to any authority to support his proposition.

The appeal waiver that defendant signed was broad. He waived his right "to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein."

Plea Agreement at 8 (attached to Mot. to Enforce). He also waived "any right to challenge [his] sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under [28 U.S.C. § 2255] . . . , a motion brought under [18 U.S.C. § 3582(c)(2)] and a motion brought under Fed. Rule Civ. Pro. 60(b)." *Id.* at 8-9. Defendant's appeal falls within the scope of his appeal waiver. There is no exception for modifying or reducing a sentence based on a new ruling that was issued after entering into the plea agreement.

Defendant also argues that his Fast-Track claim is "directly attributable to his counsel being ineffective during the plea negotiation." Aplt. Br. at 11. Defendant's appeal waiver does include an exception for ineffective-assistance claims in connection with the negotiation of the plea agreement. *See* Plea Agreement at 8-9 (citing *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)). We have held, however, that such claims should be brought in collateral proceedings, not on direct appeal. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Defendant has admitted that he knowingly waived his appellate rights, and we conclude that his appeal falls within the scope of his appeal waiver.[1] Any claim for ineffective assistance of counsel in the negotiation of his appeal waiver must be

---

[1] Because defendant has not argued that enforcing the waiver would result in a miscarriage of justice, we need not address that *Hahn* factor. *See Porter*, 405 F.3d at 1143.

brought in a collateral proceeding.  Accordingly, we GRANT the government's

motion to enforce the appeal waiver and DISMISS the appeal.

Entered for the Court
Per Curiam