FILED
United States Court of Appeals
Tenth Circuit

March 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NOLAN MAC NEWKIRK,

    Defendant - Appellant.

No. 13-6244
(D.C. Nos. 5:13-CV-00661-M and
5:11-CR-00320-M-1)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Defendant–Appellant Nolan Mac Newkirk seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his motion to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255. United States v.

Newkirk, Nos. CR-11-320-M, CIV-13-661-M, 2013 WL 4501339 (W.D. Okla.

Aug. 21, 2013).  We deny his request and dismiss his appeal.

Background

On October 4, 2011, Mr. Newkirk was charged in a seven-count indictment

with attempted transfer of obscene material to a minor (18 U.S.C. § 1470),

distribution of child pornography (18 U.S.C. § 2252(a)(2)), and possession of

child pornography (18 U.S.C. § 2252A(a)(5)(B)). 1 R. 7-9. On December 19, 2011, Mr. Newkirk pleaded guilty to Counts 1 and 7—attempted transfer and possession—and, pursuant to a negotiated plea agreement, the government dismissed Counts 2 through 6—the distribution counts. Id. at 226-27. On June 21, 2012, the district court sentenced Mr. Newkirk to a bottom-of-the-guidelines sentence of 120 months' imprisonment for Count 1 and 15 months' imprisonment for Count 7, to be served consecutively for a total of 135 months. 2013 WL 4501339, at *1. The district court entered judgment on June 25, 2012. 1 R. 187. Mr. Newkirk did not appeal his sentence or conviction. 2013 WL 4501339, at *1.

On June 25, 2013, Mr. Newkirk filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. 1 R. 193. His motion alleged that, at sentencing, the district court committed several errors and his retained counsel was ineffective. Id. at 196-99. Mr. Newkirk's § 2255 motion faced one significant hurdle: his plea agreement expressly waived his right to "collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction." Id. at 33. The waiver excepted only the right to "appeal a sentence above the advisory sentencing guideline range." Id. at 34. Because the district court sentenced Mr. Newkirk at the bottom of the guidelines range, that exception was not triggered. See 2013 WL 4501339, at *4. The district court held that Mr. Newkirk's waiver was enforceable and that his collateral challenge must therefore be dismissed. Id. at *4. Mr. Newkirk seeks to appeal that

determination.

Discussion

In order for this court to grant a COA, Mr. Newkirk must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Mr. Newkirk must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

A waiver of collateral-challenge rights under § 2255 is "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). Mr. Newkirk argues that the collateral-challenge waiver was not knowingly made because he did not understand the "extent of rights waived." Aplt. Br. 2. We are not persuaded that reasonable jurists would debate whether Mr. Newkirk knowingly waived his right to collaterally challenge his sentence.[1]

---

[1] In addition to the requirement that a waiver of appellate rights be knowing and voluntary, this court requires that the disputed right "falls within the scope of the waiver" and that enforcing the waiver would not "result in a

First, Mr. Newkirk's assertion that he did not understand his waiver to be "broad" is belied by the record. Aplt. Br. 2. Before accepting Mr. Newkirk's plea, the district court engaged in the following colloquy:

> THE COURT: Let me ask you to tell me in your own words what—I'm sure [your counsel] has gone over this with you, [the prosecutor] just mentioned it—one of the terms concerning your waiver of your right to appeal or to collaterally challenge the sentence of the Court, except under limited circumstances. Can you tell me what you agreed to in that regard?
>
> THE DEFENDANT: In rough terms, I understand that if my sentence is above what the Sentencing Guidelines are, then I may appeal my sentencing, <u>but under no other circumstances</u>.
>
> THE COURT: Very well, the Court is satisfied that you understand what you are waiving in that regard.

3 R. 10-11 (emphasis added). Mr. Newkirk, a college graduate and master's degree holder, 2 R. 18, must have appreciated the breadth of the waiver when he recited that no circumstance but the one he articulated would give rise to a right to appeal. Elsewhere, Mr. Newkirk describes his misunderstanding as a belief that "if the court or his counsel made a significant enough error, perhaps with

---

miscarriage of justice." <u>United States v. Hahn</u>, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). In his COA application, Mr. Newkirk does not challenge the district court's conclusion that his plea agreement unambiguously waived his collateral-challenge rights, 2013 WL 4501339, at *2, and that enforcing the waiver would not result in a miscarriage of justice, <u>id.</u> at *4. Nor does he allege that he entered into the plea agreement involuntarily. We thus confine our review to whether Mr. Newkirk "knowingly" relinquished his right to bring a collateral challenge such as this one.

regard to any binding case law or a substantive fact, that the court would allow the error to be corrected." 1 R. 240; see also Aplt. Br. att. 4.a 1. This alleged misunderstanding—that he only waived his right to appeal insignificant errors—is foreclosed by his stated understanding that he was waiving appeal for any and every "other circumstance" beyond an above-the-guidelines sentence.

Second, Mr. Newkirk argues that his failure to understand the extent of his waiver can be inferred from his misunderstanding of other parts of his plea agreement. Aplt. Br. att. 4.a 1. Specifically, he argues that he did not understand "even general concepts such as the maximum term of imprisonment." Id. Again, the record shows that Mr. Newkirk was not laboring under misunderstandings at the time he asked the court to accept his plea. Apparently, after initially reviewing the PSR, Mr. Newkirk mistakenly believed that he faced a maximum sentence of only 120 months; in reality, the maximum guidelines range was 135 to 168 months. 3 R. 27-28. In a colloquy with Mr. Newkirk, the district court related that:

> ["]Defense counsel accepts responsibility for the miscommunication, or misunderstanding . . . . <u>This matter was reviewed again with Mr. Newkirk in a lengthy meeting on April 25th</u>, to determine whether his guilty plea was knowing and voluntary, and whether he wished to withdraw his plea, and request a trial, or whether he wished to seek an independent legal opinion from other counsel. <u>After a thorough discussion with the undersigned counsel</u>, Mr. Newkirk advised that he does not wish to withdraw his guilty plea, rather he wants to stand on his guilty plea, understanding that,

under the guideline sentence, it could be <u>up to a range of 135 to 168 months</u> . . . .["]

[THE COURT:] That is the paragraph, Mr. Newkirk, that [your counsel] asked me to just have a brief colloquy with you, and to make sure that, from this, I understand that you do not want to withdraw your guilty plea, but to proceed on with these proceedings, in spite of the misunderstanding about what the punishment is, the range of punishment is, in this case; is that correct?

THE DEFENDANT: That's correct, Your Honor.

THE COURT: Any question about it at all in your mind?

THE DEFENDANT: No.

3 R. 28-29 (emphasis added). The district court then sentenced Mr. Newkirk to 135 months as it indicated it might do. <u>Id.</u> at 70. Given the district court's explanation of the correct range of punishment, recitation that Mr. Newkirk had a "lengthy meeting" and "thorough discussion" about this with his counsel, and Mr. Newkirk's voiced understanding, his claim that "the plea agreement was not well understood and was not entered into with accurate knowledge of even general concepts such as the maximum term of imprisonment" is without support. Aplt. Br. att. 4.a 1. Given that the government agreed to dismiss the five distribution Counts—with maximum penalties of 20 years and mandatory minimums, 1 R. 227—Mr. Newkirk's decision to plead and waive his appellate and collateral-challenge rights seems all the more knowing.

In sum, Mr. Newkirk has failed to make a substantial showing that the

district court erred by holding that his collateral-challenge waiver was enforceable and barred his § 2255 motion. Throughout his post-conviction pleadings, Mr. Newkirk raises challenges to his sentence, such as the ineffectiveness of his counsel for failing to raise certain arguments and errors by the district court for failing to rule on certain objections. See Aplt. Br. 2; id. att. 4.b 1–2; 1 R. 197-99. However, these arguments do not go to the validity of his collateral-challenge waiver but constitute challenges to the sentence itself. Aplt. Br. 4 ("I am asking the court to respond to counsel's sentencing brief . . . and reduce the sentence in accordance with the arguments contained in that brief. I do **not** wish to withdraw my plea of guilty."). As just demonstrated, Mr. Newkirk knowingly and voluntarily waived his right to collaterally challenge his sentence for any reason beyond an above-the-guidelines sentence. The district court correctly enforced this waiver, and these sentence-challenging arguments are accordingly barred.

We DENY a COA, DENY Mr. Newkirk IFP status, and DISMISS this appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge